**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | Case No.: 8:11-cv-01467-JLS-RNB |
|           **Plaintiff/Judgment Creditor** | **POST-JUDGMENT CONTINUING WRIT OF GARNISHMENT** |
|    **vs.** | |
| **JEFF GREENEY** and **BIG BALLER MEDIA GROUP, LLC** | |
|          **Defendants/Judgment Debtor** | |
|  **and** | |
| **WELLS FARGO BANK, N.A.,** | |
|       **Garnishee.** | |

TO:           Garnishee, Wells Fargo Bank, N.A.
                      Branch Manager
                      14468 Culver Drive
                      Irvine, CA  92604

REQUESTED BY:    United States Securities and Exchange Commission
                      Nancy E. Tyler
                      Assistant Chief Litigation Counsel
                      100 F Street NE
                      Mail Stop 5631, Room 5608

Washington, DC  20549-0022

ISSUED

PURSUANT TO:      28 U.S.C. § 3205

The Court having reviewed the Plaintiff's Application for Post-Judgment Continuing Writ of Garnishment, hereby issues this Post-Judgment Continuing Writ of Garnishment.

The United States Securities and Exchange Commission ("SEC") has information indicating that Garnishee may have possession, custody or control of property in which Defendant has a substantial non-exempt interest.  This property may include Defendant's non-exempt disposable earnings (i.e., wages).

Pending further order of this Court, Garnishee is hereby directed to withhold and retain any property in its possession, custody or control in which Defendant has an interest at the time this Writ is served or in which the Defendant may obtain an interest in the future, including Defendant's non-exempt disposable earnings.   If Garnishee fails to withhold property in accordance with this Writ, Garnishee may be held in contempt by the Court or the Court may enter judgment against the Garnishee for the value of Defendant's non-exempt interest in such property, plus a reasonable attorney's fee to the SEC.  See 28 U.S.C. §§ 3003(c)(8) and 3205(c)(6).

Within 10 days of receiving a copy of this Writ, Garnishee shall file with the Court Clerk a written answer as required by 28 U.S.C. § 3205(c)(4), and the Garnishee will forward payments to the Office of Financial Management, United States Securities and Exchange Commission, Enterprise Services Center, Accounts Receivable Branch, 6500 South MacArthur Boulevard, Oklahoma City, OK 73169, with the notation that the payment is on behalf of JEFF

GREENEY, SEC Case No. HO-10654-I, until Defendant's debt is paid in full or Garnishee no longer has custody or control of any property belonging to Defendant.  Garnishee shall serve a copy of its answer on counsel for the SEC, whose address is listed above, and counsel for the Defendant, whose address is listed below.  See Fed. R. Civ. P. 5 for acceptable methods of service.

This Writ of Garnishment is a continuing writ and it will terminate only by:

(A)     a court order quashing this Writ of Garnishment;

(B)     exhaustion of property in the possession, custody, or control of the Garnishee in which the debtor has a substantial nonexempt interest (including nonexempt disposable earnings), unless the garnishee reinstates or re-employs the judgment debtor within 90 days after the judgment debtor's dismissal or resignation;  or

(C)     satisfaction of the debt with respect to which this Writ is issued.

See 28 U.S.C. 3205(c)(10).

The following exhibits are attached to this Writ:

Exhibit A:     notices and instructions to Garnishee;

Exhibit B:     a sample answer to be used by Garnishee;

Exhibit C:     notices and instructions to Defendant; and

Exhibit D:     a sample claim for exemption and request for hearing to be used by Defendant.

To assist the Garnishee with its obligations under this Writ, the following information is provided:

Defendant's Name:               Jeff Greeney d/b/a Green Planet Technology Partners, LLC

Defendant's SSN:                XXX-XX-6296

3

Defendant' Last Known Addresses:   (1) 4 Colonial Way, Aliso Viejo, CA 92656
                                   (2) 222 Michelson Drive, Ste 611, Irvine, CA 92612

Judgment Amount

Civil Penalty:                     $50,000

Amount of Post-Judgment
Interest on penalty accrued
as of 04/20/2016:                  $110.07

Surcharge Under § 3011:            $-0-

Total Amount Still Owing
On the Penalty as of 04/20/2016:   $50,110.07

**IT IS SO ORDERED.**

Dated:  February 02, 2017

_____
Hon. Josephine L. Staton
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**<u>INSTRUCTIONS TO GARNISHEE</u>**

You have been served with a Continuing Writ of Garnishment pursuant to 28 U.S.C. § 3205. Pursuant to that Writ and § 3205, you are required to file a written answer with the Court Clerk within 10 days of receiving a copy of the Writ. The Court Clerk's address is: U.S. District Court for the Central District of California, Southern Division, Ronald Reagan Federal Building and U.S. Courthouse, Attn: Kiry Gray, Clerk of Court, 411 West Fourth Street, Room 1053 Santa Ana, California, 92701-4516.

**<u>YOUR ANSWER</u>**

Section 3205 requires that your answer be under oath, and that it contain the following general information:

(A)     whether you have custody, control or possession of property in which the Defendant has an interest;

(B)     a description of such property and the value of Defendant's interest in that property;

(C)     a description of any previous garnishments to which Defendant's property is subject;

(D)     a description of any property which you anticipate owing Defendant, or in which Defendant will obtain an interest, in the future; and

(E)     if you make periodic payments to Defendant, the amount of those payments are made on a weekly basis, or at some other interval.

See 28 U.S.C. § 3205(c)(4).

A sample answer is attached as Exhibit B for your use. You must serve a copy of your answer on Defendant and counsel for the SEC, whose addresses are listed on the face of the Writ. See Fed. R. Civ. P. 5 for acceptable methods of service.

**IF YOU ARE A BANK OR FINANCIAL INSTITUTION**

If you are a bank or other financial institution, as defined in 12 U.S.C. § 3401(1), the Writ of Garnishment also serves as a subpoena, under 28 U.S.C. § 3015(a) and Fed. R. Civ. P. 45, requiring you to produce a statement for each account in which Defendant has an interest showing a history of the account from the date the Writ was served on you to the date you file your answer.  You may comply with this subpoena by attaching the statements to your answer. Such a disclosure is authorized by the Right to Financial Privacy Act, 12 U.S.C. §§ 3413(e) and 3415.

As the recipient of a subpoena, you are entitled to the following notice/information:

(c)      Protection of Persons Subject to Subpoenas

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which  the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person

commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i)     fails to allow reasonable time for compliance;

(ii)     requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or

(iii)    requires disclosure of privileged or other protected matter  and no exception or waiver applies; or

(iv)    subjects a person to undue burden

(B)  If a subpoena

(i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)    requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial,  the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the

party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     Duties in Responding to Subpoena

    (1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2)     When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Fed. R. Civ. P. 45(c) and (d).

## **IF YOU ARE DEFENDANT'S EMPLOYER**

The amount of nonexempt earnings which may be withheld pursuant to a Writ of Garnishment is defined by the Consumer Credit Protection Act, 15 U.S.C. § 1673, which provides generally that for a given week of employment, the lesser of 25% of disposable earnings for the week or that amount of disposable earnings for the week in excess of 30 times the minimum wage as set by 29 U.S.C. § 206(a)(1) may be withheld. The Secretary of Labor has promulgated regulations to assist you in calculating the maximum amount of nonexempt earnings that can be withheld. See Code of Federal Regulations, Title 29, Labor; Subtitle B, Regulations Relating to Labor; Chapter V, Wage and Hour Division, Department of Labor; Subchapter D, Garnishment of Earnings; Part 870, Restriction on Garnishment.

You may contact the attorney listed on the face of the Writ of Garnishment if you need additional assistance in determining the maximum amount of earnings to withhold.

Pursuant to 15 U.S.C. § 1674, you may not discharge Defendant because his earnings have been garnished.

**EXHIBIT B**

**SAMPLE ANSWER TO BE USED BY GARNISHEE**

1

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | **Case No.: 8:11-cv-01467-JLS-RNB** |
|          **Plaintiff/Judgment Creditor** | |
|     **vs.** | |
| **JEFF GREENEY** and **BIG BALLER MEDIA GROUP, LLC** | |
|          **Defendants/Judgment Debtor** | |
|  **and** | |
| **WELLS FARGO BANK, N.A.,** | |
|         **Garnishee.** | |

### GARNISHEE'S ANSWER

      Having been served with a Continuing Writ of Garnishment, Garnishee hereby files this Answer in accordance with 28 U.S.C. § 3205.  This Answer is being prepared by:

    Name:

    Title:

    Address:

    Phone Number:

### DESCRIPTION OF GARNISHEE

Garnishee files this Answer as:     (check those that apply)

    An Individual

    In my personal capacity.

    Doing business as,

Name of d/b/a:

Address:

Phone Number:

A Partnership; and Garnishee is:

    A general partner

    A limited partner

Name of Partnership:

Address:

Phone Number:

A Corporation

Name of Corporation:

Address:

Phone Number:

State of Incorporation:

Principal Place of Business:

## **PRIOR GARNISHMENTS**

For each previous garnishment involving Defendant which is still in effect, please

provide the following information:

Date of Garnishment:

Property Subject to the Previous Garnishment:

## **DESCRIPTION OF PROPERTY IN WHICH DEFENDANT HAS AN INTEREST**

Garnishee states as follows:   (check those that apply)

From the date the Writ of Garnishment was served to the date this Answer is being

prepared, Garnishee has not had possession, custody or control of any property in which

Defendant has an interest.

Garnishee has possession, custody or control of the following non-earnings property in

which Defendant has an interest:

Description of Property:

Approximate Value of Property:

Defendant's Interest in the Property:

Garnishee anticipates having future possession, custody or control of the following non-earnings property in which Defendant will have an interest:

Description of Property:

Approximate Value of Property:

Defendant's Interest in the Property:

When Defendant Will Acquire An Interest in the Property:

As Defendant's employer, Garnishee has possession, custody or control of earnings in which Defendant has an interest:

Defendant is paid:    weekly,    bi-weekly,    semi-monthly,    monthly

Date Previous Pay Period Ended:

Date Current Pay Period Ends:

a.        Defendant's Gross Pay:

b.        Federal Income Tax Withheld:

c.        F.I.C.A. Withheld:

d.        State Income Tax Withheld:

e.        Total Withholdings (b + c + d):

f.        Net Earnings (a - e):

## **GARNISHEE'S CLAIMS**

Garnishee makes the following claims:  (check those that apply)

Garnishee makes the following claim of exemption on behalf of Defendant:

Amount of Exemption:

Nature of Exemption:

Garnishee has the following objections, defenses, or set-offs against the United States'

right to seek garnishment of Defendant's non-exempt property in Garnishee's possession,

custody or control:

(describe nature of objection, defense, or set-off)

### **CERTIFICATE OF SERVICE**

Garnishee certifies that it has served a copy of this Answer on both the:

Defendant

Date of Service:

Method of Service: (include address if service was by mail)

and

Nancy E. Tyler
Assistant Chief Litigation Counsel
United States Securities and Exchange Commission
100 F Street, NE
Mail Stop 5631, Room 5608
Washington, DC  20549-0022


Date of Service:

Method of Service: (include address if service was by mail)

### **OATH**


Garnishee declares under penalty of perjury that the foregoing is true and correct.

Date:  _____

Signature:      _____


Subscribed and sworn before me this _____ day of _____ 2016.

_____
Notary Public                                                    (SEAL)

Commission Expires: _____

**EXHIBIT C**

**NOTICE AND INSTRUCTIONS TO DEFENDANT**

A judgment was rendered against you in SEC v. Jeff Greeney and Big Baller Media Group, LLC; Case No.: 8:11-cv-01467-JLS-RNB in the United States District Court for the Central District of California.  The SEC claims that the total amount owing under that judgment for penalty and the post-judgment interest accrued thereon is $50,110.07

You are hereby given notice that in an attempt to collect on its judgment against you, the SEC has caused the Court to issue a Continuing Writ of Garnishment to WELLS FARGO BANK, N.A., the Garnishee.  With this Writ of Garnishment, the SEC is attempting to take your property, which may include a portion of your earnings, from the Garnishee.  See 28 U.S.C. § 3205.

**YOUR RIGHT TO OBJECT TO THE GARNISHEE'S ANSWER AND
REQUEST A HEARING**

Garnishee is required to file an answer within 10 days of receiving the Writ of Garnishment issued by the Court.  Garnishee is required to serve a copy of its answer on you and the SEC.  Within 20 days after you receive a copy of the Garnishee's answer, you may file with the Court Clerk a written objection to the Garnishee's answer and request a hearing with the Court.  You must state the specific grounds for your objection and bear the burden of proving such grounds at a hearing before the Court.  You must file your objection and request for hearing with the Court Clerk at:

        U.S. District Court for Central District of California, Southern Division
        Ronald Reagan Federal Building and U.S. Courthouse
        Attn:  Kiry Gray, Clerk of Court
        411 West Fourth Street, Room 1053
        Santa Ana, CA 92701-4516
and
        United States Securities and Exchange Commission
        Nancy E. Tyler
        Assistant Chief Litigation Counsel
        100 F Street NE
        Mail Stop 5631, Room 5608
        Washington, DC 20549-0022

The Court will hold a hearing on your objection within 10 days after your objection and request for hearing is received, or as soon thereafter as is practicable.  Notice of the hearing date will be sent to all parties.  Pursuant to statute,  Issues at such hearing shall be limited-

      (1)    to the probable validity of any claim of exemption by [you];

      (2)    to the SEC's compliance with any statutory requirement for the issuance Of the Writ of Garnishment; and

      (3)    if the judgment was rendered against you by default, and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to-

            (A)    the probable validity of the SEC's claim for the debt which has been merged into the judgment; and

            (B)    the existence of good cause for setting aside such judgment

    See 28 U.S.C. § 3202(d).

If you do not file a timely objection to the Garnishee's answer, the property listed in the Garnishee's answer will be applied to the debt you owe the SEC.

### <u>YOUR RIGHT TO CLAIM AN EXEMPTION</u>

As mentioned above, there are exemptions under the law which may protect the property listed in the Garnishee's answer from being taken by the SEC.  You must bear the burden at a hearing set by the Court of showing that an exemption applies.  The exemptions which you may claim are defined in 28 U.S.C. § 3014.  Pursuant to that section, you may generally exempt either the property specified in 11 U.S.C. § 522(d), or the property specified in the exemption statutes of the State in which you have been domiciled for the majority of the 180 days prior to the filing of the SEC's Application for the Writ of Garnishment.  The property exempted under 11 U.S.C. § 522(d) and the applicable State's exemption statutes may, and probably will, be different.  You must choose which set of exemptions you want the Court to apply.

Exhibit D contains a list of the exemptions available under 11 U.S.C. § 522(d) and California law.  The statutes providing these exemptions may be amended from time to time.  Also, the exemptions in the State in which you actually reside may be different than the exemptions listed in Exhibit D.  It is your responsibility to consult the appropriate federal and State exemption statutes to determine what your exemptions are.  The exemptions listed in Exhibit D are by way of example only.

**<u>YOUR RIGHT TO TRANSFER THIS ACTION TO ANOTHER FEDERAL DISTRICT</u>**

If you think you live outside the Federal judicial district in which this Court is located, you may request, not later than 20 days after receipt of this Notice, that this proceeding to take your property be transferred by the Court to the Federal judicial district in which you do reside.  You must make this request in writing.  Your request for a transfer must be filed with the Court Clerk at:

> U.S. District Court for Central District of California, Southern Division
> Ronald Reagan Federal Building and U.S. Courthouse
> Attn:  Kiry Gray, Clerk of Court
> 411 West Fourth Street, Room 1053
> Santa Ana, CA 92701-4516

You must also serve a copy of your request for a transfer on:

> Garnishee, Wells Fargo Bank, N.A.
> Branch Manager
> 14468 Culver Drive
> Irvine, CA  92604
>
> and
>
> United States Securities and Exchange Commission
> Nancy E. Tyler
> Assistant Chief Litigation Counsel
> 100 F Street NE
> Mail Stop 5631, Room 5608
> Washington, DC 20549-0022

## **CONCLUSION**

Keep a copy of this notice for your records.  If you have any questions about your rights or about this procedure, you should contact a lawyer, an office of public legal assistance, or the Court Clerk.  The Court Clerk is not permitted to give legal advice, but can refer you to other sources of information.

See Fed. R. Civ. P. 5 for permissible methods of service.

1
2
3
4
5
6
7
**Exhibit D**
8
9
**SAMPLE CLAIM FOR EXEMPTION AND REQUEST FOR HEARING**
10
**TO BE USED BY DEFENDANT**
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | **Case No.: 8:11-cv-01467-JLS-RNB** |
|         **Plaintiff/Judgment Creditor** | |
|    **vs.** | |
| **JEFF GREENEY** and **BIG BALLER MEDIA GROUP, LLC** | |
|        **Defendants/Judgment Debtor** | |
|  **and** | |
| **WELLS FARGO BANK, N.A.,** | |
|        **Garnishee.** | |

## **DEFENDANT'S CLAIM OF EXEMPTION AND REQUEST FOR HEARING**

NOTE: 18 U.S.C. § 3613(a), the federal statute governing liens arising from criminal fines and restitution obligations, generally incorporates the exemptions available to individual taxpayers under the Internal Revenue Code. The Mandatory Victims Restitution Act (MVRA) provides that the only property that is exempt from enforcement (other than wage garnishment) of any MVRA debt is certain property that is exempt from levy under the Internal Revenue Code (IRC). 18 U.S.C. § 3613(a)(1). If your debt is the result of a judgment and conviction entered under the MVRA which orders the repayment of a fine or restitution, exemptions 1 through 11 are the only exemptions available to you. If your debt is not a result of a judgment entered under the MVRA, exemptions 12 through 19 are available to you.

I claim that the exemption(s) from enforcement which are checked below apply in this case:

1

2  ____1. Wearing apparel and school books.--Such items of wearing apparel and such school

3  books as are necessary for the debtor or for members of his family.

4  ____2. Fuel, provisions, furniture, and personal effects.--So much of the fuel, provisions,

5  furniture, and personal effects in the Debtor's household, and of the arms for personal use,

6  livestock, and poultry of the debtor, as does not exceed $6,250 in value.

7  ____3. Books and tools of a trade, business, or profession.--So many of the books, and tools

8  necessary for the trade, business, or profession of the debtor as do not exceed in the aggregate

9  $3,125 in value.

10  ____4. Unemployment benefits.--Any amount payable to an individual with respect to his

11  unemployment (including any portion thereof payable with respect to dependents) under an

12  unemployment compensation law of the United States, of any State, or of the District of

13  Columbia or of the Commonwealth of Puerto Rico.

14  ____5. Undelivered mail.--Mail, addressed to any person, which has not been delivered to the

15  addressee.

16  ____6. Certain annuity and pension payments.--Annuity or pension payments under the Railroad

17  Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension

18  payments received by a person whose name has been entered on the Army, Navy, Air Force, and

19  Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay

20  under Chapter 73 of Title 10 of United States Code.

21  ____7. Workmen's Compensation.--Any amount payable with respect to compensation

22  (including any portion thereof payable with respect to dependents) under a workmen's

23  compensation law of the United States, any State, the District of  Columbia, or the

24  Commonwealth of Puerto Rico.

25  ____8. Judgments for support of minor children.--If the debtor is required by judgment of a court

26  of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his

27

28

minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

____9. Certain service-connected disability payments.-- Any amount payable to an individual as a service-connected (within the meaning of section 101(16) of Title 38, United States Code) disability benefit under--(A) subchapter II, III,IV, V, or VI of Chapter 11 of such Title 38 or (B) Chapter 13, 21, 231, 32, 34, 35,37, or 39 of such Title 38.

____10. Assistance under Job Training Partnership Act.  Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et seq.) from funds appropriated pursuant to such Act.

____11. Minimum exemptions for wages, salary and other income.  The exemptions under 26 U.S.C. § 6334(a)(9) do not apply in criminal cases.  The exceptions under the Consumer Credit Protection Act, 15 U.S.C. § 1673, for disposable earnings, automatically apply and do not need to be claimed.  The aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 % of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage in effect at the time the earnings are payable, whichever is less.

　　　　I claim that the following non-MVRA exemption(s) from garnishment which are checked below apply in this case:

____12. Social Security benefits and Supplemental Security income (42 U.S.C. § 407).

____13. Veterans' benefits (38 U.S.C. § 3101).

____13a. Members of armed services (10 U.S.C. § 1440, 38 U.S.C. § 562).

____14. Federal civil service retirement benefits (5 U.S.¬C. § 8346 and 22 U.S.C. § 4060(c)).

____15. Annuities to survivors of federal judges (28 U.S.¬C. § 376(n)).

____16. Longshoremen and Harbor workers Compensation Act (33 U.S.C. § 916).

____17. Black lung benefits (30 U.S.C. §§ 931(b)(2)(F) and 932(a)).

____17a. Seaman's, master's or fisherman's wages, except for child support or spousal support and maintenance (46 U.S.C.A. §§ 1108-1109(a-c)).

Exemptions listed under 12 through 17 above may not be applicable in child support and alimony cases (42 U.S.C. § 659).

____17b. Railroad retirement, pension, unemployment benefits (45 U.S.C. §§ 231(m), 352(e).

____18.  BANKRUPTCY CODE EXEMPTIONS CLAIM FORM

The first group of exemptions consists of property that is specified in section 522(d) of Title 11 of the United States Code and which consists generally of the following property:

1.      The debtor's aggregate interest, not to exceed $18,450 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

2.      The debtor's interest, not to exceed $2,950 in value, in one motor vehicle.

3.      The debtor's interest, not to exceed $475 in value in any particular item or $9,850 in aggregate value, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

4.      The debtor's aggregate interest, not to exceed $1,225 in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

5.      The debtor's aggregate interest in any property, not to exceed in value $975 plus up to $9,250 of any unused amount of the exemption provided under paragraph (1) of this subsection.

6.      The debtor's aggregate interest, not to exceed $1,850 in value, in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

7.      Any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract.

8.      The debtor's aggregate interest, not to exceed in value $9,850 less any amount of property of the estate transferred in the manner specified in section 542(d) of this title, in any accrued

1    dividend or interest under, or loan value of, any unmatured life insurance contract owned by the

2    debtor under which the insured is the debtor or an individual of whom the debtor is a dependent.

3    9.      Professionally prescribed health aids for the debtor or a dependent of the debtor.

4    10.     The debtor's right to receive ---

5          (A)     a social security benefit, unemployment compensation, or a local public assistance

6                  benefit;

7          (B)     a veterans' benefit;

8          (C)     a disability, illness, or unemployment benefit;

9          (D)     alimony, support, or separate maintenance, to the extent reasonably

10                 necessary for the support of the debtor and any dependent of the debtor;

11         (E)     a payment under a stock bonus, pension, profit sharing, annuity, or similar plan or

12                 contract on account of illness, disability, death, age, or length of service to the

13                 extent reasonably necessary for the support of the debtor and any dependent of the

14                 debtor, unless----

15               (i)     such plan or contract was established by or under the auspices of an

16                       insider that employed the debtor at the time  the debtor's rights under such

17                       plan or contract arose;

18               (ii)    such payment is on account of age or length of service; and

19               (iii)   such plan or contract does not qualify under section 401(a), 403(a),

20                       403(b), or 408 of the Internal Revenue Code of 1986.

21    (11)   The debtor's right to receive, or property that is traceable to ---

22         (A)     an award under a crime victim's reparation law;

23         (B)     a payment on account of the wrongful death of an individual of whom the debtor

24                 was a dependent, to the extent reasonably necessary for the support of the debtor

25                 and any dependent of the debtor;

26         (C)     a payment under a life insurance contract that insured the life of an individual of

27                 whom the debtor was a dependent on the date of such individual's death, to the

28

1  extent reasonably necessary for the support of the debtor and any dependent of the

2  debtor;

3  (D)  a payment, not to exceed $18,450, on account of personal bodily injury, not

4  including pain and suffering or compensation for actual pecuniary loss, of the

5  debtor or an individual of whom the debtor is a dependent; or

6  (E)  a payment in compensation of loss of future earnings of the debtor or an

7  individual of whom the debtor is or was a dependent, to the extent reasonably

8  necessary for the support of the debtor and any dependent of the debtor.

9  (12)  Retirement funds to the extent that those funds are in a fund or account

10  that is exempt from taxation under section 401, 403, 408, 408A, 414, 457,

11  or 501(a) of the Internal Revenue Code of 1986.

12  ____19.  Compensation for war risk hazards (42 U.S.C. § 1717).

13

14  **<u>MAJOR EXEMPTIONS UNDER STATE LAW</u>**

15  **NOTE**:  The law of the state where you have been domiciled for at least 180 days governs

16  your rights.

17  **NOTE:**  If you have selected the Bankruptcy Code exemptions listed above, you may not

18  also claim the state law exemptions listed below.

19  **NOTE:**  The law of the state where you have been domiciled for at least 180 days governs

20  your rights.

21  **NOTE:**  If you have selected the Bankruptcy Code exemptions (line 7 above), you may not

22  also claim the state law exemptions listed below.

23  **Homestead or Residential Property** - A debtor who is a member of a family unit may

24  exempt $100,000 if at least one other family unit member owns no interest in a homestead or

25  only a community property interest with the debtor.  Debtors over 55 with an income of not more

26  than $25,000 (debtors without joint income) or $35,000 (married debtors' joint income) may

27  exempt $175,000 if sale is involuntary.  Debtors who are 65 or older or disabled may exempt

28

$175,000.  All others may exempt $75,000.  Spouses may not double the exemption.  A homestead may include, but is not limited to, a house, a mobile home, a boat, or a condominium. Proceeds are exempt for 6 months.  (Cal. Civ. Proc. Code §§ 487.025, 704.720 and 704.730)

**Wages, Salary, Commissions, and Periodic or Lump Sum Payments in Lieu of Vacation** -25% of the disposable earnings of the debtor, or the amount by which the debtor's disposable earnings exceed 40 times the state minimum wage, whichever is less. 75% of the disposable earnings of the debtor, but not less than 30 times the federal minimum hourly wage per week, plus any amount withheld from the debtor's earnings pursuant to a wage assignment for support, are exempt from levy.  All earnings of the debtor may be exempt if the debtor proves that they are necessary for the support of the debtor or the debtor's family.  (Cal. Civ. Proc. Code §§ 704.070, and .113 (c), 703.050, 706.050 and .051)

**Personal Property**- The debtor may exempt ordinary and necessary household furnishings, appliances, wearing apparel and other personal effects.  The proceeds from execution sale of items of extraordinary value are exempt for 90 days after receipt by the debtor in the amount determined by the court to be sufficient to purchase ordinary and necessary replacement.  Jewelry, heirlooms and works of art are exempt up to $6,025.  Necessary health aids and prosthetic and orthopedic appliances are exempt.  Doubling of exemptions is not permitted.  (Cal. Civ. Proc. Code §§ 704.020, .040 and .050)

**Motor Vehicles** - The debtor may exempt $2,300 in any combination of the aggregate equity in motor vehicles, the proceeds of an execution sale of a motor vehicle, and the proceeds of insurance or other indemnification for a motor vehicle.  Proceeds are exempt for 90 days after the debtor actually receives them.  No doubling of exemptions.  (Cal. Civ. Proc. Code § 704.010)

**Trade Implements** - Exempt up to $6,075 if used professionally by the debtor or spouse. If used by the debtor and spouse jointly in the exercise of the same business by which both earn a livelihood, the property is exempt up to $12,150.  Such property may include tools, implements, materials, uniforms, furnishings, books, equipment, one commercial vehicle, and one vessel. (Cal. Civ. Proc. Code § 704.060)

**Pension and Retirement Benefits** - Benefits under various public and private retirement plans are exempt, except from judgments for child support.  (Cal. Civ. Proc. Code §§ 704.110 and.115; Cal. Gov't. Code §§ 21201, 31452, 31913 and 32210)

**Social Security, Bank Deposits and Credit Union Shares** -The first $2,425 in a social security direct deposit account is exempt.  All actual social security payments are exempt. (Cal. Civ. Proc. Code § 704.080)

**Workers' Compensation** - Exempt, except as otherwise provided in the Labor Code. (Cal. Civ. Proc. Code § 704.160; Cal. Lab. Code § 4901)

**Unemployment Compensation and Strike Benefits** - Exempt.(Cal. Civ. Proc. Code § 704.120)

**Insurance Benefits** – Non-matured life insurance policies, but not the loan value, are exempt without making a claim.  The aggregate loan value of non-matured life insurance policies is exempt in the amount of $9,700.  If the debtor is married, each spouse is entitled to a separate exemption which may be combined.  Benefits from mature life insurance policies are exempt to the extent necessary for support.  Disability or health insurance benefits are exempt, except from claims for health care that form the basis for the benefits.  (Cal. Civ. Proc. Code §§ 704.100 and .130)

**Public Assistance or Similar Aid Provided by a Charitable Organization** - Exempt. Persons receiving public assistance have certain exemptions of additional property.  (Cal. Civ. Proc. Code § 704.170; Cal. Welf. & Inst. Code §§ 11002 and 17409)

**Damages for Personal Injury and Wrongful Death** - A cause of action for personal injury or wrongful death is exempt.  An award arising out of personal injury or wrongful death is exempt to the extent necessary for the support of dependents, except from a claim based on the providing of health care for the injury for which the award was made.  If an award or settlement is payable periodically, the amount of such payments that may be applied to satisfy a judgment is that which may be withheld from a like amount of earnings under wage garnishment law.  (Cal. Civ. Proc. Code §§ 704.140 and .150, and § 708.410)

1    **Partnership Property** - California has enacted the Uniform Partnership Act provision

2    exempting a partner's interest in specific partnership property.  (Cal. Corp. Code § 15025)

3    **Business Licenses and Alcoholic Beverage Licenses** - A license issued by a public

4    entity to engage in a business, profession or activity is exempt.  An alcoholic beverage license is

5    exempt.  (Cal. Civ. Proc. Code §§ 695.060 and 699.720(a))

6    **Traveler's Check Sales Proceeds Held by Sales Agent** - Trust funds held by a sales

7    agent from the sale of traveler's checks are exempt.  (Cal. Fin. Code § 1875)

8    **Building Materials** - The debtor may exempt $2,425 in materials for improvement of the

9    principal place of residence of the debtor and, in some cases, the debtor's spouse.  (Cal. Civ.

10   Proc. Code § 704.030)

11   **Cemeteries and Burial Funds** - Family plots are exempt.  Land held for purpose of sale

12   as cemetery plots is not exempt.  Proceeds from the sale of unused cemetery lands, or lands from

13   which all remains have been removed, are exempt.  (Cal. Civ. Proc. Code § 704.200; Health &

14   Safety Code § 7925)

15   **Fidelity Bonds** - Money put up as a bond is exempt, except in an action between an

16   employer and employee or applicant.  (Cal. Lab. Code § 404)

17   **Benefits Received from Fraternal Benefit Societies** - Exempt.  (Cal. Civ. Proc. Code §

18   704.170)

19   **Inmates' Trust Accounts** - Funds held in trust for a debtor confined in prison are exempt

20   in the amount of $1,225.  If the debtor is married, each spouse is entitled to a separate exemption

21   or the spouses may combine their exemptions.  (Cal. Civ. Proc. Code § 704.090)

22   **Miscellaneous Benefits** - Vacation credits accumulated by a state or other public

23   employee are exempt.  All relocation benefits received from a public entity for displacement

24   from a dwelling are exempt.  Financial aid for expenses while attending school provided by an

25   institution of higher education is exempt before and after payment.  (Cal. Civ. Proc. Code §§

26   704.113, .180 and .190)

27

28

The statements made in this claim and request for hearing as to exemption entitlement and fair market value of the property designated are made and declared under penalty of perjury that they are true and correct.  I hereby request a court hearing to decide the validity of my claims.  Notice of the hearing should be given to me by mail at:

(_____) or telephonically at (_____)
                     Address                                                         Phone No.

_____
Debtor's printed or typed name

_____
Signature of debtor

_____
Date